1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JAMES PLAS SAMS,                          No.  2:20-CV-0568-JAM-DMC-P

12                    Plaintiff,

13              v.                              FINDINGS AND RECOMMENDATIONS

14    RALPH DIAZ, et al.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for preliminary injunctive

19    relief, ECF No. 9.

20          The legal principles applicable to requests for injunctive relief, such as a

21    temporary restraining order or preliminary injunction, are well established.  To prevail, the

22    moving party must show that irreparable injury is likely in the absence of an injunction.  See

23    Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

24    Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser

25    standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

26    controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

27    1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is

28    likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

                                          1

1   injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

2   interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot,

3   however, issue an order against individuals who are not parties to the action.  See Zenith Radio

4   Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).   Moreover, if an inmate is seeking

5   injunctive relief with respect to conditions of confinement, the prisoner's transfer to another

6   prison renders the request for injunctive relief moot, unless there is some evidence of an

7   expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);

8   Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

9              In the pending motion, Plaintiff claims that officials with the California

10  Department of Corrections and Rehabilitation are knowingly and intentionally violating the law.

11  See ECF No. 9, pg. 1.  Specifically, Plaintiff asserts that prison officials arbitrarily reject group

12  inmate grievances, in violation of the First Amendment, and that they have enacted a retaliatory

13  "emergency" regulation to ban all group grievances.  See id.  Plaintiff seeks an injunction to ban

14  implementation of this regulation.  See id. at 2.  The Court finds that injunctive relief is not

15  warranted because Plaintiff cannot demonstrate that irreparable injury is likely absent an

16  injunction.  Plaintiff has not shown how a ban on group appeals would result in any harm to him,

17  let alone a harm that is irreparable.

18             Based on the foregoing, the undersigned recommends that Plaintiff's motion for

19  preliminary injunctive relief, ECF No. 9, be denied.

20             These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

22  after being served with these findings and recommendations, any party may file written objections

23  with the Court.  Responses to objections shall be filed within 14 days after service of objections.

24  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

25  Ylst, 951 F.2d 1153 (9th Cir. 1991).

26  Dated:  October 30, 2020

27                                                 _____
                                                   DENNIS M. COTA
28                                                 UNITED STATES MAGISTRATE JUDGE

                                                          2