**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES PLAS SAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　Defendants. | No.  2:20-CV-0568-JAM-DMC-P<br><br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Defendants' motion for reconsideration by a District Judge of United State Magistrate Judge Dennis M. Cota's March 9, 2021, order. ECF No. 42.

　　　　Defendants previously moved for confirmation by the Court of Judge Cota's November 2, 2020, screening order. ECF No. 38. Judge Cota screened Plaintiff's operative first amended complaint and found service appropriate on two of Plaintiff's claims. See ECF No. 15. Defendants first filed a motion to dismiss. ECF No. 29. But Defendants then filed the motion for confirmation by this Court of Judge Cota's screening order, arguing that the parties had not consented to Judge Cota's jurisdiction as Magistrate Judge. See ECF No. 38 at 2. Absent consent to a Magistrate Judge's jurisdiction, a Magistrate Judge lacks authority to issue dispositive orders. Id. Defendants contended that a District Court ruling on the screening order was necessary. See id.

///

On March 9, 2021, Judge Cota denied Defendants' motion for confirmation of his screening order. ECF No. 40. Judge Cota determined that Defendants themselves conceded that his November 2, 2020, screening order was *not* a dispositive order. Id. at 1. Moreover, it was procedurally unusual for Defendants to seek review of the screening order *after* several Defendants had waived service, and after Defendants had filed a pending motion to dismiss. Id. at 1–2.

Defendants now move for this Court to reconsider Judge Cota's March 9, 2021, order, arguing that his screening order *was* a dispositive order, which may only be issued by a District Judge. ECF No. 42 at 2, 7–8. Defendants argue that Judge Cota's order eliminated causes of action in finding service appropriate on only two of Plaintiff's claims. See id. at 2, 7–8.

Defendants are incorrect. Judge Cota's screening order is not a dispositive order. And, in any event, although Judge Cota's screening order found service appropriate on two claims, it did not address any of the other claims in Plaintiff's operative complaint, let alone "eliminate" any causes of action. See ECF No. 15. Under the Eastern District of California's Local Rule 303, a Magistrate Judge's order shall be upheld unless "clearly erroneous or contrary to law." L.R. 303(f). Upon review of the entire file, the Court finds that it does not appear that the Magistrate Judge's ruling was clearly erroneous or contrary to law. The March 9, 2021, order (ECF No. 40) is affirmed.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for reconsideration (ECF No. 42) is **DENIED**;
2. The United States Magistrate Judge's March 9, 2021 (ECF No. 40) order is **AFFIRMED**;
3. No further motions for reconsideration of the March 9, 2021, order will be considered; and
4. Within 30 days of the date of this order, Defendants may submit an amended motion to dismiss moving for the Court to take appropriate action on any of Plaintiff's outstanding claims that the screening order (ECF No. 15) did not address.

Dated: March 17, 2021

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE