IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PLAS SAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | No. 2:20-CV-0568-JAM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 51, to consolidate actions.

In his motion, Plaintiff seeks to consolidate the instant action with Sams v. California Department of Corrections and Rehabilitation, et al., No. 2:21-CV-0408-DB. A review of the docket in Sams v. California Department of Corrections and Rehabilitation, et al. reflects that the matter was transferred to the United States District Court for the Central District of California on March 22, 2021. See ECF No. 5 in 2:21-CV-0408-DB. The transfer order states: "In this case, the claim arose in Riverside County, which is in the Central District of California." Id. at 2. As Defendants note in their opposition to Plaintiff's motion to consolidate, consolidate of actions pending in different districts is not appropriate. See Desire, LLC v. Manna Textiles, Inc., 986 F.3d 1253, 1272 (9th Cir. 2021). While it is possible for one action to be transferred

1

such that both are pending in the same district and such that consolidation could be considered, see id., the Central District has already denied transfer of Sams v. California Department of Corrections and Rehabilitation, et al. back to the Eastern District, see ECF No. 54 (Defendants' request for judicial notice).[1]

        Accordingly, IT IS HEREBY ORDERED that:

        1.    Defendants' request for judicial notice, ECF No. 54, is granted; and

        2.    Plaintiff's motion to consolidate, ECF No. 51, is denied.

Dated:  February 14, 2022

                                    _____
                                    DENNIS M. COTA
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] **Error! Main Document Only.** The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).