1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JAMES PLAS SAMS,                              No.  2:20-CV-0568-JAM-DMC-P

12                  Plaintiff,

13        v.                                       FINDINGS AND RECOMMENDATIONS

14   RALPH DIAZ, et al.,

15                  Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Defendants' amended motion to dismiss, ECF No.

19   47.

20              In considering a motion to dismiss, the Court must accept all allegations of

21   material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

22   Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

23   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

24   738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

25   ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

26   395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

27   factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

28   In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

                                                  1

1    See Haines v. Kerner, 404 U.S. 519, 520 (1972).

2           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

3    of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

4    notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,

5    550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

6    to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

7    more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

8    allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The

9    complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at

10   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

11   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

12   Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

13   it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting

14   Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

15   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

16   to relief." Id. (quoting Twombly, 550 U.S. at 557).

17          In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

18   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

19   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

20   documents whose contents are alleged in or attached to the complaint and whose authenticity no

21   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

22   and upon which the complaint necessarily relies, but which are not attached to the complaint, see

23   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

24   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

25   1994).

26          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

27   amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

28   curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

# I. BACKGROUND

## A. **Procedural History**

### 1. Prior Action

Defendants request the Court take judicial notice of a complaint, report and recommendation, and dismissal order in a prior lawsuit initiated by Plaintiff in the Central District of California.  See ECF No. 48, pg. 2.  The Court hereby takes judicial notice of the complaint, report and recommendation, and dismissal order pursuant to Rule 201 of the Federal Rules of Evidence.

In Plaintiff's prior lawsuit, Plaintiff alleged, *inter alia*, a Fourteenth Amendment due process claim against Defendants Birdsong, Jimenez, Fransham, Hawkins, Smith, Messerli, Bristow, and Armenta for confiscating Plaintiff's catalogue from "Eden Press."  See ECF No. 48, pg. 9-14.  The report and recommendation that was later adopted found that Plaintiff was given "all the process that he was due" and concluded that "Plaintiff has failed to state a due process claim based on the denial of the Eden Press publication."  Id. at 101.  The district judge accepted the findings and recommendations and dismissed the case with prejudice.  Id. at 112.

### 2. Present Action

A year later, in the present action, Plaintiff filed his first amended complaint on August 19, 2020.  See ECF No. 10.  The Court issued a service order on the following named defendants:  (1) Ralph Diaz; (2) Chelsea Armenta; (3) W. Hawkins; (4) P. Messerli; (5) Christina Bristow; (6) R. W. Smith; (7) P. Birdsong; (8) N. Fransham; (9) Ruben Jimenez; (10) L. Samayoa; (11) Sandra Smith; (12) B. Banks; (13) C. Tennison; (14) P. Ramos; (15) Jeffrey Macomber; (16) Kenneth J. Pogue; (17) Anthony Carter; (18) Steven Escobar; (19) Neil Miranda; and (20) Rhonda Skipper-Dotta.  See ECF No. 15.  The Court summarized only some of Plaintiff's claims in the service order.  See id.  In Defendants' original motion to dismiss, Defendants only addressed the claims summarized by the Court in the service order and not all of the claims in Plaintiff's complaint.  See ECF No. 29.  This was because "Defense counsel originally understood [the Court's] Screening Order to have screened out Plaintiff's third and fourth claims . . . as well as Plaintiff's state law causes of action" by way of the Court omitting

the claims from the service order.  See ECF No. 47-1, pg. 13.  In light of this misunderstanding,

the Court granted Defendants additional time to file a comprehensive amended motion to dismiss

to include Plaintiff's claims not addressed in the Court's service order.  See ECF No. 43.  Thus,

pending before the Court is Defendants' amended motion to dismiss, ECF No. 47.

**B.  Allegations in Present Action**

1.  Due Process and Confiscation of the Catalog

Nearly identical to his prior lawsuit, Plaintiff again alleges that Defendants

Hawkins and Armenta conspired to deny Plaintiff an "Eden Press" catalog.  ECF No. 10, pg. 12.

Plaintiff states, "Defendants knowingly and in reckless disregard for Plaintiff's due process rights

chose to confiscate and destroy Plaintiff's property."  Id.  Defendants Fransham, Jimenez,

Messerli, Bristow, R. W. Smith, Tennison, and Ramos joined the conspiracy by approving the

confiscation of the catalog.  See id. at 13.

2.  Due Process and Account Deduction

Plaintiff alleges that Defendants Samayoa, Sandra Smith, and Banks "conspired to

and did arbitrarily deduct funds" from Plaintiff's account in the amount of $3.00.  See id. at 14.

"This has caused a violation of Plaintiff's Federal Due Process rights."  Id.

3.  Expressive Association

Plaintiff alleges that Defendant Birdsong rejected group grievances in violation of

Plaintiff's expressive association rights.  See id. at 15.  One group grievance that was rejected

concerned the account deductions.  See id.  Plaintiff alleges that Defendant Armenta "joined the

conspiracy to arbitrarily reject group appeals by rejecting an appeal."  Id.  Another group

grievance that was rejected by Defendant Birdsong concerned inadequate library access.  See id.

4.  Retaliation

Plaintiff states that between "August and November of 2019, 5 civil actions were

filed against CDCR for arbitrarily rejecting group appeals."  Id. at 16.  According to Plaintiff, the

claims were denied on January 2, 2020.  See id.  "Immediately after this in February of 2020,

Ralph Diaz, Jeffrey Macomber, Kenneth J. Pogue, Anthony Carter, [and] Steven Escobar . . .

conspired to and did enact emergency regulations to ban group appeals of all inmates in the entire

4

prison system." Id. at 16-17.  Plaintiff alleges that "Diaz, Macomber, Pogue, Carter, and Escobar were aware of the lawsuits, the law, the torts contained in lawsuits, and intended to retaliate. They also conspired and intended for all torts to be committed by signing and reviewing the application to change the regulations." Id. at 17.

Further, Plaintiff alleges that Defendant Armenta "continued this conspiracy to retaliate by conspiring" with others to apply a section of the California Penal Code "as a violent felony." Id. at 18.  Plaintiff adds, "While this is not exhausted **yet**, it can be argued that CDCR is 'consistently unwilling to provide any relief to aggrieved inmates' and should be excused." Id. (citing Ross v. Blake, 578 U.S. 632, 643 (2016)).

### 5.  Parole

Additionally, Plaintiff states, "Neal Miranda and Rhonda Skipper-Dota [sic] joined the systemic conspiracy to retaliate for the filing of lawsuits by arbitrarily denying parole in violationn [sic] of due process and established law.  They were aware of lawsuits and intended that all torts contained therin [sic] be committed." Id.

### 6.  State Law Claims

Plaintiff incorporates the same factual allegations in all of the above federal claims into state law claims under the Bane Act.  See id. at 19-21.

## II. DISCUSSION

Defendants argue that Plaintiff's first due process claim is collaterally estopped, Plaintiff's third and fourth claims fail because there is no constitutional right to group appeals, Plaintiff's fifth claim for retaliation fails for failure to allege facts to show a retaliatory conspiracy, and Plaintiff's state claims under the Bane Act fail because Plaintiff does not state facts to support "his conclusory allegations that Defendants acted 'with coercion.'" ECF No. 47-1, pg. 8.

/ / /

/ / /

/ / /

5

1

**A.  <u>Collateral Estoppel and Confiscation of the Catalog</u>**

2           Under the doctrine of collateral estoppel, or issue preclusion, any issue necessarily

3   and finally decided in an earlier action may not be relitigated in a later case involving a party to

4   the prior action.  <u>See</u> <u>Allan v. McCury</u>, 449 U.S. 90, 94 (1980); <u>see also</u> <u>Hawkins</u>, 984 F.2d at

5   325.  Preclusion is properly raised in a motion under Federal Rule of Civil Procedure 12(b)(6).

6   <u>See</u> <u>Scott v. Kuhlman</u>, 746 F.2d 1377, 1378 (9th Cir. 1984) (holding that preclusion is the proper

7   subject of a motion to dismiss for failure to state a claim upon which relief can be granted).

8   There are three factors to consider:  "(1) the issue at stake must be identical to the one alleged in

9   the prior litigation; (2) the issue must have been actually litigated by the party against whom

10  preclusion is asserted in the prior litigation; and (3) the determination of the issue in the prior

11  litigation must have been a critical and necessary part of the judgment in the earlier action."

12  <u>McQuillion v. Schwarzenegger</u>, 369. F3d 1091, 1096 (9th Cir. 2004) (citations omitted)

13  (alterations omitted).

14          Here, Defendants argue that Plaintiff's claim is barred under the doctrine of

15  collateral estoppel.  Plaintiff filed a complaint in the Central District of California on August 16,

16  2019.  <u>See</u> ECF No. 48, pg. 7.  The facts of claim one in Plaintiff's 2019 case filed in the Central

17  District are nearly identical to the facts of claim one in Plaintiff's present case before the Court.

18  Both complaints state that in February of 2019 prison officials conspired to confiscate a catalog

19  from Plaintiff.  <u>See</u> ECF No. 48, pg. 14; <u>see also</u> ECF No. 10, pg. 10.  Both complaints allege that

20  Defendants Armenta, Messerli, Bristow, Smith, Tennison, and Ramos joined the conspiracy by

21  approving the confiscation on appeal.  <u>See</u> ECF No. 48, pg. 15; <u>see also</u> ECF No. 10, pg. 13.  It is

22  patently obvious that the issues in the two cases are identical and litigated "by the party against

23  whom preclusion is asserted."  Further, the previous case resulted in a dismissal of Plaintiff's due

24  process claim with prejudice; thus, the determination of the issue of the confiscation of the

25  catalog was a critical and necessary part of the judgment in the earlier action.  Accordingly,

26  Plaintiff's due process claim regarding the confiscation of the Eden Press catalog is barred.

27  / / /

28  / / /

1          **B.  Due Process and Account Deduction**

2          The Due Process Clause protects prisoners from being deprived of life, liberty, or

3    property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to

4    state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or

5    property interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S. 651, 672

6    (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).  Due process protects against the

7    deprivation of property where there is a legitimate claim of entitlement to the property.  See Bd.

8    of Regents, 408 U.S. at 577.  Protected property interests are created, and their dimensions are

9    defined, by existing rules that stem from an independent source – such as state law – and which

10   secure certain benefits and support claims of entitlement to those benefits.  See id.

11         Where a prisoner alleges the deprivation of a liberty or property interest caused by

12   the random and unauthorized action of a prison official, there is no claim cognizable under 42

13   U.S.C. § 1983 if the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch,

14   494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-

15   deprivation remedy may be adequate even though it does not provide relief identical to that

16   available under § 1983.  See Hudson, 468 U.S. at 531 n.11.  A due process claim is not barred,

17   however, where the deprivation is foreseeable and the state can therefore be reasonably expected

18   to make pre-deprivation process available.  See Zinermon, 494 U.S. at 136-39.   An available

19   state common law tort claim procedure to recover the value of property is an adequate remedy.

20   See id. at 128-29.

21         California provides an adequate post-deprivation remedy for Plaintiff's alleged

22   loss of $3.00.  Therefore, Plaintiff's account deduction claim is inappropriate for this Court and

23   should be dismissed with prejudice.

24         **C.  Expressive Association and Group Grievances**

25         Prisoners retain a First Amendment right to petition the government through the

26   prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Interference

27   with the grievance process may, in certain circumstances, implicate the First Amendment.

28   / / /

1    However, Prisoners have no stand-alone due process rights related to the

2 administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see

3 also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest

4 entitling inmates to a specific grievance process).  Because there is no right to any grievance

5 process, it is impossible for due process to have been violated by ignoring or failing to properly

6 process grievances.   Numerous district courts in this circuit have reached the same conclusion.

7 See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly

8 process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863

9 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address

10 grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL

11 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process

12 a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967

13 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function

14 properly failed to state a claim under § 1983).

15    Accordingly, "there is no Constitutional right for detainees to file group

16 grievances."  Ramirez v. California Dep't Corr. and Rehab., 2019 WL 7821470, at *8 (C.D. Cal.

17 Dec. 30, 2019) (citing Lee v. Chavez, 1995 WL 481432, at *2 (N.D. Cal. Aug. 8, 1995; Ramirez

18 v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)).

19    Here, Plaintiff is trying to recover for Defendant Birdsong rejecting his group

20 grievances.  However, Plaintiff does not have a constitutional right to file group grievances.

21 Therefore, Plaintiff's expressive association claims should be dismissed with prejudice.

22    **D.  Retaliation and Group Grievances**

23    In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must

24 establish that he was retaliated against for exercising a constitutional right, and that the retaliatory

25 action was not related to a legitimate penological purpose, such as preserving institutional

26 security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting

27 this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the

28 exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995);

1   Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).

2          Here, Plaintiff alleges that Defendants retaliated against him for rejecting his

3   group grievance.  However, as discussed above, there is no constitutional right to a group

4   grievance.  Therefore, Plaintiff's retaliation claim for Defendants' rejection of the group

5   grievances should be dismissed with prejudice.

6                              **E.  Retaliation and Exhaustion**

7          Prisoners seeking relief under § 1983 must exhaust all available administrative

8   remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory

9   regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling

10  Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of

11  the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies

12  while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The

13  Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and

14  held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint

15  because lack of exhaustion is an affirmative defense which must be pleaded and proved by the

16  defendants; (2) an individual named as a defendant does not necessarily need to be named in the

17  grievance process for exhaustion to be considered adequate because the applicable procedural

18  rules that a prisoner must follow are defined by the particular grievance process, not by the

19  PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not

20  all, claims are unexhausted.  The defendant bears burden of showing non-exhaustion in the first

21  instance.  See Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014).  If met, the plaintiff bears the

22  burden of showing that the grievance process was not available, for example because it was

23  thwarted, prolonged, or inadequate.  See id.

24          Defendants argue and Plaintiff admits that Plaintiff's claim, concerning Defendant

25  Armenta retaliating against Plaintiff by incorrectly applying a section of the California Penal

26  Code, is not yet exhausted.  Plaintiff has not carried his burden of showing that the grievance

27  process was unavailable as to this claim.  Therefore, Plaintiff's claim against Defendant Armenta

28  for incorrectly applying a section of the California Penal Code in retaliation should be dismissed.

**F. Parole**

"[P]arole board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole." Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir. 1981).  Thus, parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications.  See id.; see also Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991) (per curiam).

Plaintiff accuses Defendants Neal Miranda and Skipper-Dotta for arbitrarily denying parole.  Because parole board officials are entitled to absolute immunity, Plaintiff's claim against Neal Miranda and Skipper-Dotta for arbitrarily denying parole should be dismissed with prejudice.

**G. Conspiracy**

"To establish liability for a conspiracy in a § 1983 case, a plaintiff must 'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional rights." Crowe v. Cty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (as amended) (citation omitted).  "The defendants must have, 'by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage.'" Mendocino Envtl. Ctr. V. Mendocino Cty., 192 F.3d 1283, 1301 (9th Cir. 1999) (alteration in original) (citation omitted).  Additionally, a plaintiff cannot state a claim of conspiracy based solely on a naked assertion that one existed.  See Twombly, 550 U.S. at 557.

Throughout Plaintiff's complaint, he baldly asserts that certain defendants joined a conspiracy without providing any facts demonstrating the existence of an actual agreement or meeting of the minds between the defendants to violate Plaintiff's constitutional rights.  Additionally, Plaintiff has not adequately alleged any constitutional violation.  Therefore, Plaintiff's conspiracy claims should be dismissed with prejudice as there is no underlying constitutional violation.

/ / /

/ / /

/ / /

10

1

**H.  Supervisory Liability**

2          Supervisory personnel are generally not liable under § 1983 for the actions of their

3    employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

4    respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

5    violations of subordinates if the supervisor participated in or directed the violations.  See id.

6          Here, Plaintiff baldly asserts that Defendant Diaz should be liable for failure to

7    train employees.  However, Plaintiff has not adequately alleged that Diaz participated or directed

8    violations of the Constitution.  Further, Plaintiff has not adequately alleged any constitutional

9    violations at all.  Therefore, Plaintiff's claims for failure to train should be dismissed with

10   prejudice.

11

**I.  State Law Claims**

12         When a federal court has dismissed all claims over which it has original

13   jurisdiction, it may, at its discretion, decline to exercise supplemental jurisdiction over the

14   remaining state law claims 28 U.S.C. § 1367(c)(3); Carlsbad Tech., Inc. v. HIF Bio, Inc., 556

15   U.S. 635, 639-40 (2009).  As a matter of comity, in light of the dismissal of the federal claims, the

16   Court should decline to hear the remaining exclusively state law claims in the first amended

17   complaint and dismiss those claims without prejudice.

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

### III. CONCLUSION

2         Based on the foregoing, the undersigned recommends that:

3                 1.        Defendant's amended motion to dismiss, ECF No. 47, be granted;

4                 2.        Plaintiff's unexhausted claim against Defendant Armenta be dismissed

5 without prejudice;

6                 3.        Plaintiff's state law claims be dismissed without prejudice;

7                 4.        All other claims be dismissed with prejudice for failure to state a claim;

8                 5.        Plaintiff's motion, ECF No. 60, for substitute service be denied as moot;

9 and

10                 6.        This action be dismissed in its entirety.

11         These findings and recommendations are submitted to the United States District

12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

13 after being served with these findings and recommendations, any party may file written objections

14 with the Court.  Responses to objections shall be filed within 14 days after service of objections.

15 Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

16 Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18 Dated:  March 2, 2022

19                                                     _____
DENNIS M. COTA

20                                                     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28